IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>HICKORY WESLEY MCCOY,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN DETENTION HEARING AND REQUEST FOR REVIEW OF DETENTION ORDER<br><br>Case No. 2:12-CR-218 TS |

　　This matter is before the Court on Defendant's Motion to Reopen Detention Hearing and Request for Review of Detention Order.[1] The Court held a hearing in this matter on February 7, 2013. For the reasons stated at that hearing and discussed more fully below, the Court will deny Defendant's Motion.

---

[1] Docket Nos. 58, 60.

1

I. BACKGROUND

Defendant Hickory Wesley McCoy is charged by felony indictment with (1) Possession of Marijuana with Intent to Distribute; (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and (3) Felon in Possession of a Firearm and Ammunition.[2]

The allegations giving rise to the above-listed charges are as follows. Defendant and his co-defendant Staci Marie McCaslin were pulled over for a traffic violation while traveling eastbound on Interstate 80. Defendant was the driver of the vehicle and was found to be operating the vehicle on a suspended license. The trooper on scene detected an odor of raw marijuana. A canine officer was called and, once on scene, alerted on the vehicle. During a subsequent search of the vehicle, police found 24 pounds of marijuana, a 9mm semiautomatic handgun, and assorted 9mm ammunition. The handgun and a clip of 9mm ammunition were found under the driver's seat.

Defendant appeared before Magistrate Judge Brooke C. Wells on June 18, 2012, and was ordered detained pending trial. Defendant filed a motion seeking review of the Magistrate's Detention Order on July 13, 2012. This Court held a hearing on that motion on July 27, 2012, and thereafter affirmed the Magistrate's Order. In so doing, the Court specifically found that "there is no condition or combination of conditions to reasonably assure the appearance of the Defendant as required and the safety of any other person or the community."[3]

Defendant asserts that the following new facts and circumstances justify reopening the hearing and reviewing the Order of Detention. On December 10, 2012, Defendant's ex-wife

---

[2]Docket No. 1.

[3]Docket No. 27, at 6.

filed a motion with a California state court, requesting that Defendant's parental rights be terminated. The California court scheduled a custody hearing for sometime in February 2013. According to Defendant, if he is not present at the hearing to respond to the motion, he risks losing physical and legal custody of his children.

Defendant alleges that he desires to maintain joint custody of his children to maintain a relationship with them and to ensure their safety. As exhibits to his Motion, Defendant has attached two recent convictions his ex-wife received for DUI-related offenses. Defendant asserts that his desire to protect his children is strong evidence that conditions can be fashioned to address any risk of flight or danger he may present to the community.

Additionally, Defendant once more asserts that he has proven that he is a good candidate for release because he was previously released on bail for state charges and was working in the community at the time federal charges were brought. Defendant has provided evidence that he can return to the employment he maintained prior to his arrest. This employment is in Iowa, Defendant's family obligations are in California, and the conduct giving rise to the instant charges occurred in Utah.

## II. DISCUSSION

A review of detention based on new information is governed by the standards set forth in 18 U.S.C. § 3142.[4] Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will

---

[4]*See* 18 U.S.C. § 3142.

reasonably assure the appearance of the person as required and the safety of any other person and community."[5]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A)-(B) provides that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act [or] (B) an offense under Section 924(c) . . . of this title.

Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[6]

Defendant has been charged with a violation of Title 18 U.S.C. § 924(c) and—it would appear—an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act. Thus, the charges that Defendant faces are sufficient to establish probable cause under § 3142(e)(3).[7] Therefore, in this matter, detention is presumed. Defendant acknowledges that rebuttable presumption, but argues that under § 3142(f) there is new material information sufficient to reopen the detention hearing.

---

[5]18 U.S.C. § 3142(b), (c), (e).

[6]*United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

[7]*Id.* at 1355.

Under subsection (f), a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.[8]

Thus, pursuant to subsection (f) the Court first considers whether Defendant has shown that the detention should be reopened based on facts that (1) were not known to him at the time of the original Detention Order and (2) are material to the issues of assuring his appearance as required and the safety of the community.

Defendant proffers the following as new information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community: (1) Defendant's ex-wife has filed a motion in a California state court proceeding to terminate his parental rights and if he is not present at the hearing to respond to the motion, he risks losing physical and legal custody of his children; and (2) Defendant's ex-wife has recently received two DUI convictions, at least one of which occurred while Defendant's children were in the vehicle.

Defendant's ex-wife's custody motion and DUI convictions appear to have occurred after the custody order was entered in this case. However, Defendant's custody issues, concerns regarding the competence of his ex-wife as a parent, and desire to provide child support are issues that were raised by Defendant at the time of the Detention Order. As such, these issues do not qualify as new information previously unknown to the Defendant. Further, the Court finds

---

[8] 18 U.S.C. § 3142(f).

that this information is not material to the issues of assuring his appearance as required and the safety of the community. It is an unfortunate reality that a defendant's family may be disadvantaged by a defendant's pretrial detention. However, as argued by the Government, Defendant's criminal history demonstrates that the ongoing child custody proceedings may provoke future violent conduct on the part of the Defendant.

In sum, the Court finds that Defendant, as movant, has not shown information that was not available at the prior hearing that is also material to the issue of detention.

Further, even if the Court were to reopen the hearing, it could not find in favor of Defendant on the current record. The Court finds that several factors support the Government's position that no condition or combination of conditions will ensure Defendant's appearance and the safety of the community. That information includes the nature and circumstances of the offense charged, including that it involves a controlled substance, the weight of the evidence, certain aspects of Defendant's history and characteristics, such as his criminal history, his history relating to drug abuse, and the nature and seriousness of the danger to the community if he should be released. For these reasons, and those outlined previously, the Court finds that there is no condition or combination of conditions to reasonably assure the appearance of the Defendant as required and the safety of any other person or the community.

III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion to Reopen Detention Hearing and Request for Review of Detention Order (Docket Nos. 58 and 60) is DENIED. Pursuant to 18 U.S.C. §

3161(h)(1)(D), the Court will exclude all time, for purposes of the speedy trial act, from the time of filing of Defendant's Motion through this Order.

DATED   February 8, 2013

BY THE COURT:

_____
TED STEWART
United States District Judge