IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HICKORY WESLEY MCCOY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S PRO SE MOTION TO CHANGE VENUE AND MOTION TO CONTINUE TRIAL<br><br>Case No. 2:12-CR-218 TS |

This matter is before the Court on Defendant Hickory Wesley McCoy's pro se Motion to Change Venue and pro se Motion to Continue. For the reasons discussed below, the Motions will be denied.

I. BACKGROUND

In his Motion to Change Venue, Defendant argues that certain adverse rulings made by the Magistrate Judge demonstrate prejudice towards Defendant. Defendant also states that Defendant "is familiar with Magistrate Judge Brooke Wells"[1] who initially ruled that Defendant

---

[1] Docket No. 145, at 2.

be detained. Defendant states that he "knows Carol Mora in Santa Rosa, CA as well as Ron Wells in Illinois,"[2] but does not explain who these individuals are or how his familiarity with these individuals necessitates a change of venue. Defendant concludes by stating:

> In light of the above, it is impossible for the defendant to receive a fair trial in the District of Utah. The harmony of purpose binds all of the judges in the US District Court District of Utah to a certain "brotherhood." Therefore the Defendant's case should be reviewed and transferred to another state based on the conflict under the Utah Rules of Professional Conduct.[3]

## II. DISCUSSION

Article III, Section 2, Clause 3 of the Constitution, provides that a criminal trial "shall be held in the State where the said Crimes shall have been committed." The Sixth Amendment to the Constitution also provides that criminal prosecutions shall occur in "the State and district wherein the crime shall have been committed."

Similarly, Rule 18 of the Federal Rules of Criminal Procedure states:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Under Rule 21(a) of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district

---

[2]*Id*.

[3]*Id*.

2

that the defendant cannot obtain a fair and impartial trial there." The decision of whether to grant or deny a motion for a change of venue is within the trial court's discretion.[4]

In this case, Defendant argues that the Magistrate Judge's adverse rulings demonstrate a negative prejudice towards him and that he somehow knows the Chief Magistrate Judge. Based on these things, and an alleged "brotherhood" between the Judges in this District, Defendant asserts that it will be impossible for him to get a fair trial in this District.

The Court is not satisfied "that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial" in this District. Neither Magistrate Judge identified in Defendant's Motion will be a part of Defendant's trial. Therefore, they will have no influence on the proceedings. Further, Defendant's objections to the Magistrate Judge's rulings have been well-litigated and provide no basis for a change of venue. In any event, a Motion to Change Venue is not the appropriate vehicle to litigate allegations of judicial bias, as there are statutory avenues for such challenges.[5] It is further noted that Defendant has made no allegation of judicial bias against the undersigned. Finally, Defendant has failed to explain how the relationship between the Judges in this District will prejudice him at his trial. Therefore, Defendant's Motion to Change Venue must be denied. Since Defendant's Motion to Continue is premised on his Motion to Change Venue, it too must be denied.

---

[4]*United States v. Neal*, 718 F.2d 1505, 1510 (10th Cir. 1983).

[5]*See Lyons v. United States*, 325 F.2d 370, 376 (9th Cir. 1963); *Bieganowski v. United States*, 2006 WL 2259710, at *73 (W.D. Tex. 2006).

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Change Venue (Docket No. 145) and Defendant's Motion to Continue Trial (Docket No. 144) are DENIED.

DATED   June 24, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge